UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BELONG, INC.,
Plaintiff,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,
Defendants.

Case No. 25-cv-01990-JCS

**ORDER DENYING MOTION TO DISMISS SCOTTSDALE INDEMNITY COMPANY'S COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES**

Re: Dkt. No. 103

In this action, Plaintiff Belong, Inc. ("Belong") has sued its insurers, including defendant Scottsdale Indemnity Company ("Scottsdale"), based on their denial of any defense or indemnity obligations in connection with a class action lawsuit brought against it ("the underlying action"). On May 28, 2026, Scottsdale filed an answer and counterclaims and Belong now brings a motion to dismiss asking the Court to dismiss three of Scottsdale's counterclaims and to strike all of its affirmative defenses. Dkt. no. 103 ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for October 7, 2026. For the reasons stated below, the Motion is DENIED.[1]

Plaintiff makes three main arguments in the Motion. First, it argues that Scottsdale's claims for declaratory judgment (Counts I-II) fail because there is no actual, present controversy regarding insurance coverage as the underlying action has been fully resolved. Second, it contends Scottsdale's unjust enrichment counterclaim should be dismissed because unjust enrichment is not an independent cause of action and the counterclaim is not otherwise supported by allegations of mistake, fraud, coercion, or request. Third, it argues that Scottsdale's affirmative

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

defenses should be stricken because they are either not true affirmative defenses or are insufficiently pleaded as a matter of law.

Plaintiff's first argument has no merit. In the operative complaint, Belong seeks reimbursement of defense costs, settlement payments, indemnity amounts, and policy benefits allegedly owed under the policy issued by Scottsdale to Belong ("the Scottsdale Policy"). First Amended Complaint ¶¶ 22-25, 38, 40-41, 80, 85. In doing so, Belong has placed in issue the question of whether there was any potential for coverage under the Scottsdale Policy with regard to the underlying action based on the pleadings in that action. *See Premier Constr. & Remodel, Inc. v. Mesa Underwriters Specialty Ins. Co*., 2023 U.S. App. LEXIS 2938, *3 (9th Cir. Feb. 7, 2023)("Under California law, the 'settled rule' concerning an insurer's duty to defend is that the duty exists 'where a pleading against the insured raises the potential for coverage.' ") (quoting *Continental Cas. Co. v. Super. Ct*., 92 Cal. App. 4th 430, 439 (2001)). If there was no potential for coverage, Scottsdale had no duty to defend Belong in the underlying action and Plaintiff's claims fail. *Id.* ("There is no such duty where the complaint in the underlying action 'cannot by any conceivable theory raise a single issue' which would trigger coverage under the applicable policy.") (citing *Continental Cas. Co. v. Super. Ct*., 92 Cal. App. 4th at 438-39). Thus, Scottsdale's counterclaims seeking a declaratory judgment as to whether certain exclusions in the policy applied to the underlying action raise a justiciable controversy under the Declaratory Judgment Act regardless of whether or not Belong entered into a settlement with the plaintiff in the underlying action before this case was filed. *See* 28 U.S.C. § 2201(a) (authorizing courts to declare rights and legal relations of interested parties in "a case of actual controversy").

Second, while there is some confusion in the state and federal courts as to whether unjust enrichment may be asserted as a stand-alone cause of action under California law, courts have generally permitted such claims to go forward where they can be understood as a claim for restitution. *See Nordberg v. Trilegiant Corp*., 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (citing cases). For example, in *McBride v. Boughton*, the court found that an unjust enrichment claim may proceed as a restitution claim where the damages sought by the plaintiff are "in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud

or is unenforceable or ineffective for some reason." 123 Cal. App. 4th 379, 388 (2004). The court explained further, "[a]lternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory . . ." *Id.* Here, Scottsdale's unjust enrichment claim is asserted to recover money it paid under a settlement agreement that the Court subsequently found to be unenforceable. This is the sort of quasi-contract claim California courts allow and therefore the Court rejects Plaintiff's challenge to this claim.

Finally, the Court rejects Plaintiff's assertion that Scottsdale's counterclaims should be stricken. Under Fed.R.Civ.P. 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike under Rule 12 are generally disfavored. *Chiron Corp. v. Abbott Labs*., 156 F.R.D. 219, 220 (N.D.Cal.1994). "Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co*., 814 F.Supp. 820, 830 (N.D.Cal.1992). Belong has not met that standard. While it contends that many of the affirmative defenses merely negate elements of its claims, this is not so apparent from the pleadings that striking these affirmative defenses is warranted. Therefore, the Court declines to strike Scottsdale's affirmative defenses.

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 1, 2026

JOSEPH C. SPERO
United States Magistrate Judge