UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELONG, INC.,<br>Plaintiff,<br>v.<br>NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,<br>Defendants. | Case No. 25-cv-01990-JCS<br>**ORDER RE JOINT DISCOVERY LETTER**<br>Re: Dkt. No. 117 |

Plaintiff Belong Inc. ("Belong") and Defendant/Counter-Claimant Scottsdale Insurance Company (Scottsdale") have filed a joint discovery letter, dkt. no. 117 ("Joint Letter"), relating to Belong's document requests to Scottsdale. The Court's rulings are set forth below.

<u>Document Request 9</u>

This request seeks "ALL DOCUMENTS reflecting any COMMUNICATION between defendants in this action concerning the CLAIM." Joint Letter, Ex. 1. The parties have narrowed the request to "communications between defendants' counsel concerning efforts to reach a settlement in 2025." Joint Letter at 1. Scottsdale contends these communications are "related to joint strategy [and] are protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest doctrine, and/or the joint-defense doctrine because those communications are privileged where the insurers have a common legal interest related to their joint strategy for the litigation." *Id.* at 2.

Because the parties have informed the Court that "Belong is working through nearly identical disputes with the other defendant insurers" and there is likely to be significant overlap in the documents that fall within the scope of this request to Scottsdale and the other insurers, the Court DENIES without prejudice Belong's request for an order compelling production of these

United States District Court
Northern District of California

documents and ORDERS that all parties shall meet and confer to attempt to reach a resolution of this issue as to all of the insurer defendants. To the extent that they are unable to reach agreement, the parties shall submit a proposed schedule for briefing any remaining disputes related to this request, whether they are between Belong and Scottsdale or between Belong and any other insurer defendant. To the extent possible, the insurers should coordinate with one another in their briefing to avoid duplication of arguments.

Document Request 11

This request seeks "ALL DOCUMENTS, including all internal communications, related to YOUR professionals and/or any other of YOUR employees involved in evaluating the CLAIM, including, but not limited to, training DOCUMENTS and performance evaluations." Joint Letter, Ex. 1. The request has been narrowed to "information dated on or after January 1, 2023, regarding the employees who evaluated Belong's claim." Joint Letter at 2. In addition, Belong "agrees that Scottsdale may redact sensitive information like the employee's salary." *Id.* at 2-3. Scottsdale objects to this request on the grounds that it is overly broad and seeks personal information from personnel files that is not discoverable. The Court finds that this request is overbroad and disproportionate to the needs of the case as it is not limited to documents that address training related to the issues in this case. Likewise, Belong's broad request for documents in employee personnel files "could encompass disciplinary action and other sensitive personnel information that has nothing to do with [Belong's] allegations" or Scottsdale's coverage position that will not be sufficiently protected simply by redacting "sensitive information." *See Cyr v. Reliance Std. Life Ins. Co*., 2024 U.S. Dist. LEXIS 245618, *18 (2024); *Cecena v. Allstate Ins. Co*., No. C05-03178 JF (HRL), 2006 WL 3302837, at *1 (N.D. Cal. Nov. 9, 2006), order clarified, No. C05-03178 JF (HRL), 2006 WL 3533023 (N.D. Cal. Dec. 7, 2006) ("even if personnel records are relevant, discovery of such files is permitted only upon a showing of 'compelling need.' ") (citation omitted).

Therefore, the Court DENIES Belong's request to compel production of documents responsive to this request. The parties may, of course, meet and confer to narrow the request further to target documents that are more closely related to Belongs bad-faith allegations in order

United States District Court
Northern District of California

to reduce the burden of production and exclude from the scope of the request documents concerning sensitive personnel matters that are unrelated to the coverage decision in this case.

Document Request 12

This request seeks "ALL DOCUMENTS, including all internal communications, related to YOUR claims cycle time, net promoter scores, first contact resolution, loss adjustment expense ratios, allocated loss adjustment expenses, unallocated loss adjustment expenses, claims leakage, and claim settlement data (including paid claim amounts), from January 1, 2020 to present." Joint Letter, Ex. 1. The parties have narrowed it to "the specified claims metrics figures themselves, not all underlying information that is computed into the ultimate claims metrics figures." Joint Letter at 3.

Belong argues the "[m]etrics used to evaluate claims operations will reveal whether claims personnel were subject to performance goals, cost-containment pressures, efficiency targets, expense-reduction initiatives, or other incentives that could have influenced the evaluation of Belong's claim." Joint Letter at 3. It further contends "metrics concerning loss adjustment expenses, claim leakage, settlement payments, and related financial metrics may reveal whether Scottsdale tracked and managed claim expenditures in ways that could affect defense decisions or claim outcomes." *Id.* Scottsdale counters it "does not compensate its claims professionals based upon how many claims they accept or reject and, therefore, this data is not relevant." *Id.* at 4. It further asserts the request is not proportionate to the needs of the case and will require disclosure of confidential information about other insureds that is protected under California Insurance Code section 791.13.

The Court finds that metrics relating to other claims and other policies are not relevant to Belong's claim that it was entitled to coverage under the policy issued by Scottsdale and that these documents also are unlikely to be relevant to the question of whether Scottsdale acted in bad faith in denying coverage given that Scottsdale has represented that it does not compensate its claims adjusters based on the number of claims they accept or reject.[1] The Court further finds that the

[1] Belong is, however, entitled to obtain discovery in order to attempt to refute this representation. *See J & M Assocs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 06-CV-0903-W

United States District Court
Northern District of California

request is overbroad and disproportionate to the needs of the case. Therefore, the Court DENIES Belong's request for an order compelling production of these documents.

Document Request 15

This request seeks "ALL DOCUMENTS, including YOUR claims files and notes, for any other similar tenders involving the allegations set forth in *Gupta v. Belong*, *Home Inc*. 3:24-cv-07239-JSC and/or the applicable policy language on which YOU based YOUR claims determination in *Gupta v. Belong, Home Inc*. 3:24-cv-07239-JSC, from January 1, 2020 to present." Joint Letter, Ex. 1. It has been narrowed to "claims files and coverage decision letters for tenders submitted by other insureds for claims brought by a third party against the insured for false advertising, unfair competition, or violations of the Consumer Legal Remedies Act, from January 1, 2023 to present." Joint Letter at 4.

Belong contends it is entitled to this discovery under *Colonial Life & Accident Ins. Co. v. Superior Ct*., 31 Cal. 3d 785, 787 (1982). *Id.* Scottsdale opposes the request on the basis that information about how it handled "similar claims" has no relevance in the case, would require production of information about other insureds that is protected from disclosure under California Insurance Code section 791.13 and would be unduly burdensome because "Scottsdale does not organize its claim files in a way that would permit it to easily identify claims submitted by other insureds for claims brought by a third party against an insured for false advertising, unfair competition, or violations of the Consumer Legal Remedies Act, from January 1, 2023 to present." *Id.* at 5.

In *Colonial Life & Accident Ins. Co. v. Superior Court*, the plaintiff sued insurer Colonial Life ("Colonial") for violation of Insurance Code section 790.03, subdivision (h), breach of contract, and breach of the duty of fair dealing and good faith based on the conduct of the adjuster

(JMA), 2008 WL 638137, at *6 (S.D. Cal. Mar. 4, 2008) (denial of motion to compel compliance with discovery request based on representations of party opposing discovery that requested information would be impossible to access without tremendous burden was without prejudice to the ability of the party seeking discovery to obtain discovery testing the opposing party's representation).

who handled the settlement of her claim and sought discovery related to other claims that had been handled by the same adjuster. 31 Cal.3d 785, 788 (1982). On a motion to compel, the trial court had ordered the production of "the names and addresses of all persons whose claims for benefits under Colonial's policies were assigned [the same adjuster] for settlement—about 35 in all—and approved a letter to be sent by plaintiff's counsel to these individuals requesting that they consent to the release of their records[.]" *Id.* at 789. Colonial then brought a petition for a writ of mandate to bar the plaintiff from discovering the names, addresses, and records of the other claimants or, in the alternative, to bar plaintiff's counsel from communicating directly with other insureds or to offer to represent them. *Id.* at 789-90.

In this context, the California Supreme Court considered whether a plaintiff can properly obtain discovery regarding other claims handled by an insurer. The court determined that "[o]ther instances of alleged unfair settlement practices" were relevant to the issue of whether the insurer engaged in unfair claim settlement practices under California Insurance Code section 790.03, subdivision (h), because that section prohibits insurers from "knowingly committing or performing *with such frequency as to indicate a general business practice*[.]" *Id.* at 791 (quoting Cal. Ins. Code section 790.03, subd. (h)) (emphasis added in *Colonial*). Thus, the court found, "[d]iscovery aimed at determining the frequency of alleged unfair settlement practices is . . . likely to produce evidence directly relevant to" a claim asserted under Section 790.03. *Id.* Furthermore, the court held, "indirect evidence of the elements of punitive damages may be suggested by a pattern of unfair practices" and therefore discovery of information about other insureds in that case was likely to lead to the production of evidence relevant to that issue as well. *Id.* at 792.

Although *Colonial Life* involved a claim under section 790.03 of the Insurance Code, it has been followed by California state courts considering "not only claims under § 790.03 of the Insurance Code but also common law 'bad faith' claims." *J & M Assocs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 06-CV-0903-W (JMA), 2008 WL 638137, at *5 (S.D. Cal. Mar. 4, 2008) (citing *Moore v. American United Life Ins. Co*., 150 Cal.App.3d 610 (1984)). Thus, in *J & M*, in which the plaintiff asserted a common law bad faith claim against the insurer, the court

rejected an insurer's argument that *Colonial Life* was distinguishable because it involved a claim under the insurance code, finding that the plaintiff had "established, pursuant to *Colonial Life*, that discovery regarding other claims handled by [the insurer defendant] [was] relevant to [the plaintiff's] claims in [that] action, insofar as the requests [sought] information pertaining to the same type of policy[.]" *Id.*

The court in *J & M* went on to compel discovery as to a single claim that involved the same insured, the same insurance company and the same type of insurance policy, reasoning that under *Colonial Life* the insurer's decision to provide coverage as to that claim could shed light on whether it acted in bad faith in denying coverage with respect to the claim at issue in the case. *Id.* at *3-4. On the other hand, it rejected the broader request for production of information relating to other insureds' claims and complaints against the insurer as unduly burdensome where there was "no central database, index, source, spreadsheet or repository-computerized or non-computerized-which tracks all the litigation filed against National Union" and compliance would have involved "manual file-by-file review of tens of thousands of claims files located at claims offices and storage facilities throughout the United States." *Id.* at *6.

Here, the information Belong seeks is relevant under *Colonial Life*, but the burdens associated with compliance are disproportionate to the needs of the case. As in *J & M*, Scottsdale has represented that its claim files are not organized in a way that would allow it to easily identify the claims that are responsive to Belong's request, thus requiring Scottsdale to conduct a manual search of all of the claims that have been filed over a three-year period in order to comply with the request. Such an effort would be extremely burdensome. This burden would be compounded by the fact that California Insurance Code section 791.13 prohibits the production by insurers of information collected from insureds without written authorization. In *Colonial Insurance*, the court established a process to obtain consent from insureds that involved sending a letter to each insured seeking authorization to release their records; no records could be produced until consent was received. 31 Cal. 3d at 789. Were the Court to compel Scottsdale to comply with this request, a similar process would need to be put into place.

In light of the effort that would be required to identify responsive documents and obtain

United States District Court
Northern District of California

the required authorization for disclosure, the Court concludes that the burden imposed on Scottsdale of complying with this request would be excessive and disproportionate to the needs of the case. Accordingly, Belong's request to compel compliance with this request is DENIED.

**IT IS SO ORDERED.**

Dated: October 27, 2026

JOSEPH C. SPERO
United States Magistrate Judge